# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2013

No. 12-51182
Summary Calendar

Lyle W. Cayce
Clerk

RONNY GENE SMITH,

Plaintiff-Appellant

v.

SCOTT HENRY WILKERSON,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:12-CV-243

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ronny Gene Smith, Texas prisoner # 1722493, seeks leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. He alleged in his complaint that the court-appointed attorney who represented him during his criminal proceedings had violated his constitutional rights by performing ineffectively. The district court dismissed his complaint after determining that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his claims were barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), and that he had failed to show that his court-appointed attorney was a state actor for purposes of § 1983.  The district court denied his motion for leave to proceed IFP on appeal, certifying that his appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

By moving for leave to proceed IFP, Smith is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(5).  A motion for leave to proceed IFP on appeal "must be directed solely to the trial court's reasons for the certification decision."  *Baugh,* 117 F.3d at 202.

Smith does not address the district court's determination that his claims were barred by *Heck.*  Accordingly, he has abandoned any challenge to that determination, *see Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and has failed to demonstrate that his "appeal involves legal points arguable on their merits."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  Because Smith has not shown that his appeal involves a nonfrivolous issue, we deny his motion to proceed IFP on appeal and dismiss his appeal as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  His motion for the appointment of counsel is also denied.

The district court's dismissal of the complaint as frivolous and this court's dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  We warn Smith that if he accumulates at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

No. 12-51182

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) WARNING ISSUED.